IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DREW DAHARSH**                                                              **PLAINTIFF**

V.                             CASE NO. 5:21-CV-_____

**J.B. HUNT LOGISTICS, INC.**                                        **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Drew Daharsh, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against J.B. Hunt Logistics, Inc., he does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to Americans with Disabilities Act of 1990 ("ADA"), for declaratory judgment, compensatory damages, and costs, including a reasonable attorney's fee as a result of his constructive termination in violation of the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA").

2. Plaintiff also brings this action under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA") ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of disability.

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

4. This Complaint also alleges violations of the Arkansas Civil Rights Act which form part of the same case or controversy and arise out of a common nucleus of operative facts as the ADA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein where committed, and had their principal effect, within the Western District of Arkansas, Fayetteville Division, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff Drew Daharsh is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendant as a Branch Manager or Senior Manager.

8. Defendant is an employer within the meanings set forth and applicable to federal and state laws, and was, at all times relevant to allegations in this Complaint, Plaintiff's employer.

9. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the ADA and the ACRA.

10. Defendant is a transportation and logistics company that provides transportation services throughout the United States. It is headquartered in Lowell, Arkansas.

11. Defendant is an "employer" within the meanings set forth in the ADA and the Arkansas Civil Rights Act, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

12. Defendants' statutory home office address is 615 J.B. Hunt Corporate Drive, Lowell, AR 72745.

13. At all times relevant to this action, Defendant was Plaintiff's employer as defined by the ADA, and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et seq*.

14. At all times relevant to this action, Defendants were an employer subject to the anti-discrimination provisions of the ADA and the ACRA.

### III.   FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Plaintiff was hired by Defendant in February 2012 to work as a Transportation Specialist.

17. Plaintiff's job titles changed during the period he was employed by the Defendant. In 2019, he was promoted to Senior Manager/Brokerage.

18. Plaintiff has been diagnosed with a disability that substantially limited major life activities but that he could still do his job with a reasonable accommodation (major depressive disorder or clinical depression), and informed Defendant's management of such.

19. In July 2020, Plaintiff requested and received short-term disability and Family and Medical Leave Act leave time as a result of his disability.

20. In September 2020, Plaintiff's FMLA leave and short-term disability ended and he returned to work.

21. Plaintiff was immediately moved to another work location that affected his earning capacity.

22. After Plaintiff's return to work and his move to a different location, Plaintiff was subjected to verbal abuse because of his disability and was treated differently as a result of his disabled status.

23. Plaintiff requested reasonable accommodations, including open-door meetings with his supervising Vice-President, which were denied.

24. Plaintiff's working conditions were made so intolerable by the Plaintiff that he was constructively terminated from his employment on or about January 30, 2021.

25. There were other management-level positions with equal or less tenure than Plaintiff who were not subject to harassment when they had qualifying medical conditions that slowed down their work or caused fluctuations in their performance from month-to-month.

26. Defendant's failure of accommodation and constructive termination on the basis of Plaintiff's disability harmed Plaintiff.

27. Plaintiff's employment was ended as a direct result of discrimination on the basis of Plaintiff's disability status and Defendants' intentional and willful disparate treatment of its disabled employees in the workplace.

28. Defendants offered no meaningful reasonable accommodations to Plaintiff in September 2020 through January 2021, in direct violation of the ADA, up to and including, the ability to do his existing job with a reasonable accommodation.

### IV.   FIRST CAUSE OF ACTION
**(Violations of the ACRA Anti-Discrimination Provisions)**

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiff brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

31. Defendant intentionally discriminated against Plaintiff on the basis of his "sensory, mental, or physical disability" in violation of A.C.A. § 16-123-107.

32. Claims brought under the ARCA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

33. As more fully described hereinabove, Defendant, through its agents and employees, including Plaintiff's supervisor(s), discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's disability. Plaintiff was denied the right to obtain and hold employment without discrimination.

34. As a result of Defendant's violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## V.   SECOND CAUSE OF ACTION
### (Violations of the ADA Anti-Discrimination Provisions)

35. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. Plaintiff filed a charge with the Equal Employment Opportunities Commission alleging violations of Title I of the ADA by Defendants.

37. Plaintiff received a Notice of Rights Letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

38. Defendants engaged in unlawful employment practices at their facility in Lowell, Arkansas, in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

39. Specifically, Defendant transferred and then constructively terminated Plaintiff from his employment with Defendants because of his disability.

40. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the position from which he was

removed, had Plaintiff been provided work completion goals as medically necessitated or had other reasonable accommodations been provided.

41. Despite his ability to perform the essential function of his job, with reasonable accommodations, Plaintiff was constructively terminated.

42. Plaintiff suffered from major depressive disorder or clinical depression, which is a qualified disability as defined by the Americans with Disabilities Act of 1990 (the "ADA") and was substantially limited in performing one or more major life activities, including but not limited to distractibility, difficulty concentrating, and difficulty processing information quickly and accurately.

43. At all times herein, Defendants failed to offer or provide any reasonable accommodation to Plaintiff, including, but not limited to, allowing him to meet with his supervising Vice President in open-door meetings, as is mandatory under ADA § 42 USCA § 12111, which states that a "reasonable accommodation" includes "appropriate adjustment or modifications of examinations, training materials or policies,… and other similar accommodations for individuals with disabilities." *Id*.

44. The effect of the practices complained of above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as employee because of his disability.

45. The unlawful employment practices complained of above were and are intentional.

46. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

47.     Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and he seeks, an additional amount as liquidated damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or loss to him by reason of Defendant's violations of the ADA, plus any interest he is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Drew Daharsh respectfully prays as follows:

A.    That Defendant be summoned to appear and answer this Complaint;

B.    For an order of this Honorable Court entering judgment in his favor against Defendant, for his actual economic damages in an amount to be determined at trial, and compensation for wages lost;

C.    For punitive damages;

D.    For his attorney's fees, costs, pre-judgment interest; and

E.    For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**DREW DAHARSH, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:    *Chris Burks*
       Chris Burks (ABN: 2010207)
       chris@wh.law